UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MISTY SOMMER,<br><br>               Plaintiff,<br><br>     v.<br><br>ELMORE COUNTY, MARSA PLUMMER, and<br>JOHN/JANE DOES I through X, whose true<br>identities are presently unknown,<br><br>          Defendants. | Case No.  1:11-cv-00291-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br>(Docket No. 31)<br><br>**DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**<br>(Docket No. 33) |

Currently pending before the Court are cross motions for summary judgment (Docket Nos. 31 and 33).  Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I.  BACKGROUND

It is undisputed that Plaintiff Misty Sommer was an at-will employee for Defendant Elmore County before being fired on October 4, 2010.  Notwithstanding her at-will status, Sommer contends that once she requested such, Elmore County was required to provide her a pre-termination hearing.  Such a right, Sommer argues, is granted to "full-time regular and part time employees" in Elmore County's Personnel Policy.  *See* Elmore County Personnel Policy ("Policy"), p. 20 (Docket No. 1, Att. 5).[1]  Sommer further argues that, although she was

---

[1]  The Policy classifies employees as either (1) full-time regular employees, (2) part-time regular employees, or (3) casual/seasonal employees.  *See* Policy, p. 9 (Docket No. 1, Att. 5). The "Significance of Employee Classification," according to the Policy, is that "procedures for hiring, promotion, and transfer of full-time employees shall be subject to the provisions of this policy.  Personnel actions concerning part-time or casual employees are not subject to guidelines set forth herein unless the handbook provisions expressly provide therefore."  *See id.*

**MEMORANDUM DECISION AND ORDER - 1**

employed with Elmore County as a full-time, regular employee (albeit in a probationary period in a "new" position, due to a change in job positions), she never received a pre-termination hearing before being fired.  As a result, Sommer brought claims for (1) wrongful termination in violation of her due process rights, and (2) negligent infliction of emotional distress against Defendants Elmore County and Marsa Plummer (the Elmore County Clerk) (collectively "Defendants").

Defendants moved to dismiss Sommer's claims, arguing that because of her probationary status, Sommer was not a "regular" employee and, therefore, not entitled to a pre-termination hearing.[2]  This Court previously granted Defendants' Motion to Dismiss Sommer's negligent infliction of emotional distress claim, but denied Defendants' Motion to Dismiss Sommer's wrongful termination claim, finding that the Policy was ambiguous as to whether probationary employees had the right to a pre-termination hearing.  However, relevant here, the Court specifically left unresolved any argument that, as an at-will employee, Sommer had no property right in continued employment and, thus, no basis for a due process challenge to the termination of that employment.  The parties' cross Motions for Summary Judgment are centered upon this previously-undecided issue.

## II.  DISCUSSION

### A.    Summary Judgment Standard

One principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool [ ] by which factually

---

[2] Defendants alternatively sought to dismiss Sommer's negligent infliction of emotional distress claim because she alleged no physical injury.

MEMORANDUM DECISION AND ORDER - 2

insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence, including all reasonable inferences which may be drawn therefrom, must be viewed in a light most favorable to the non-moving party and the Court must not make credibility findings. *See id*. at 255.  Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).  On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).  To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case.  *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in his favor.  *See id*. at 256-57.  The non-moving party must go beyond the pleadings and show "by [his] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists.  *Celotex*, 477 U.S. at 324.  Statements in a brief, unsupported by the record, cannot create an issue of fact.  *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n. 3 (9th Cir. 1995).

**MEMORANDUM DECISION AND ORDER - 3**

However, as a general rule, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003). An exception to this rule exists when cross-motions for summary judgment are filed. In that case, the Court must independently search the record for issues of fact. *See Fair Housing Council of Riverside Co., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

**B.      Sommer's Wrongful Termination/Due Process Claim**

The Fourteenth Amendment to the United States Constitution protects individuals from the deprivation of liberty or property by the government without due process. A section 1983 claim based upon procedural due process contains three elements: (1) a liberty or property interest protected by the United States Constitution; (2) a deprivation of that interest by the government; and (3) a denial of adequate procedural protections. *See Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

To state a claim under the Due Process Clause, Sommer must first establish that she possessed a property interest deserving of constitutional protection. *See Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998); *see also Gilbert v. Homar*, 520 U.S. 924, 928-29 (1997). If a property interest exists, the essential requirements of due process are notice and an opportunity to respond. *See Cleveland Bd. of Educ. v. Loudermill et al.*, 470 U.S. 532, 546 (1985). The Due Process Clause does not create substantive property

**MEMORANDUM DECISION AND ORDER - 4**

rights; property rights are defined instead by reference to state law.  *See Portman*, 995 F.2d at 904.

To determine whether Sommer's due process rights were violated, the Court must necessarily determine whether Sommer possessed a constitutionally-protected property interest in continued employment.  *See Dyack v. Commonwealth of N. Mariana Islands*, 317 F.3d 1030, 1033 (9th Cir. 2003) (citing *Loudermill*, 470 U.S. at 538).  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. [S]he must have more than a unilateral expectation of it. [S]he must, instead, have a legitimate claim of entitlement to it."  *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972); *see also Sonoda v. Cabrera*, 255 F.3d 1035, 1040 (9th Cir. 2001) ("An individual 'has a constitutionally protected property interest in continued employment . . . if he has a reasonable expectation or a 'legitimate claim of entitlement' to it, rather than a mere 'unilateral expectation.''") (citation omitted).

The long-standing rule in Idaho is that, unless an employee is hired pursuant to a contract which specifies the duration of the employment or limits the reasons for which an employee may be discharged, the employment is presumed to be at the will of either party and the employer may terminate the relationship at any time without incurring liability.  *See Bollinger v. Fall River Rural Elec. Coop., Inc.*, 272 P.3d 1263, 1269 (Idaho 2012).  This presumption, however, may be rebutted by express or implied contract.  *See id*.  Here, Sommer argues that the Policy's unequivocal reference to the availability of a pre-termination hearing to all full-time, regular employees, coupled with the Policy's failure to disclaim such a right to any particular type of employee, establish as a matter of law a constitutionally-protected property interest, entitled to

**MEMORANDUM DECISION AND ORDER - 5**

due process protection.  *See* Pl.'s Mem. in Supp. of MSJ, pp. 5-11 (Docket No. 31, Att. 1).

Defendants disagree, pointing out that the Policy expressly negates any intention to become part

of Sommer's employment contract with Elmore County.  *See* Defs.' Mem. in Supp. of MSJ, pp.

4-14 (Docket No. 32).

It is true that the Policy contains a provision which could be read to support Sommer's

contention that, even as an employee on probation, she could not be fired until receiving a pre-

termination hearing – to be sure, this Court previously denied Defendants' Motion to Dismiss on

this very point.  *See supra*.  The Idaho Supreme Court has recognized that an employee manual,

like the Policy, can constitute an element of an employment contract.  *See Mitchell v. Zilog, Inc.*,

874 P.2d 520, 523 (Idaho 1994).  Whether such a manual does so may be a question of fact,

unless the manual "specifically negates any intention on the part of the employer to have it

become a part of the employment contract."  *Id.* at 523-24.

In this case, the Policy explicitly disclaims any intent to become part of the employment

contract, stating at its very beginning:

> **THIS PERSONNEL POLICY IS NOT A CONTRACT.  NO
> CONTRACT OF EMPLOYMENT WITH ELMORE COUNTY
> WILL BE VALID UNLESS IT IS SIGNED IN ACCORDANCE
> WITH PROPER PROCEDURES BY A SPECIFICALLY
> AUTHORIZED REPRESENTATIVE OF THE GOVERNING
> BOARD AND UNLESS IT IS SIGNED BY AND CONTAINS
> THE NAME OF THE EMPLOYEE WHO WOULD BE
> BENEFITTED BY THE CONTRACT.**

Policy, p. 2 (Docket No. 1, Att. 5) (capitalization and bolding in original).  With this disclaimer

in mind, Defendants contend that the facts of this case (and applicable law) are most similar to

those in *Lawson v. Umatilla Co.*, 139 F.3d 690, 691 (9th Cir. 1998).  *See* Defs.' Mem. in Supp. of

MSJ, p. 8 (Docket No. 32).

**MEMORANDUM DECISION AND ORDER - 6**

In *Lawson*, the Ninth Circuit considered the plaintiff county employee, Kevin Lawson's section 1983 due process claim against the defendant Umatilla County and determined that a comparable disclaimer stating, "[u]nder no circumstances shall these policies be construed to act as any type of employment contract with any employee of the County of Umatilla," precluded the district court from determining a policy manual altered a county employee's at-will status. *Id*.  Specifically, in reversing the lower court's entry of judgment in Lawson's favor, the court held that the policy manual's disclaimer was "an unambiguous statement that the general at-will status of County employees . . . shall not be altered by the provisions" contained therein.  *See id*. at 693 ("The expression 'under no circumstances' speaks for itself and prevents us from accepting [the plaintiff's] argument that the distinction between probationary and permanent employees somehow indicates an intent to depart from the at-will status.").  The court also found that the policy manual's contemporaneous provision stating that "[n]o permanent employee shall be disciplined except for violation of established rules and regulations" (i.e., for cause) "must be construed in conjunction with the 'under no circumstances' disclaimer."  *Id*. at 693-94.  So construed, the provision "merely provide[s] a framework for disciplining at-will employees which is not binding on the County," according to the court.  *Id*. at 694.  Thus, Lawson did not have a property interest in continued employment.

Other judges in this District recently have issued decisions applying *Lawson* to analogous situations involving county employees bringing due process violation claims against other Idaho counties – *Harms v. Power County*, 2013 WL 791452 (D. Idaho 2013) and *Brown v. Valley County*, 2013 WL 1453368 (D. Idaho 2013).[3]

---

[3]  Both *Harms* and *Brown* were decided after the parties submitted briefing on their respective motions for summary judgment.

**MEMORANDUM DECISION AND ORDER - 7**

1.      _Harms v. Power County_

In _Harms_, the plaintiff county employee, Frederick Harms, sued the defendant Power County, claiming breach of contract and violations of the Idaho Personnel Act, the First and Fourteenth Amendments, and 42 U.S.C. § 1983, based on the termination of his employment. Relying on its policy manual's general disclaimer, Power County moved for summary judgment on Harms's constitutional claims, arguing that the disclaimer preserved his at-will status such that he had no constitutionally-protected property interest in continued employment, despite a provision in the policy manual requiring cause for termination.  _See Harms_, 2013 WL 791452 at *1-4.  The first page of Power County's policy manual contained a general disclaimer stating:

> THIS PERSONNEL POLICY IS NOT A CONTRACT.   This handbook supersedes any representation previously made whether verbal, written, express, or implied.

_See Harms_, 2013 WL 791452 at *1 (capitalization in original).

U.S. District Judge Edward J. Lodge discussed the policy manual's provisions regarding workplace conduct as well as its disciplinary penalties, finding that the provisions were not all-inclusive and subject to change at any time.  _See id._ at *11-13.  Because of the unlimited discretion retained by Power County, Judge Lodge found that the policy manual could not be read to create a protected property interest.  _See id._ at *12.  Additionally, Judge Lodge held that, under _Lawson_, the policy manual's provisions regarding dismissal except for cause failed to create a property interest when construed in conjunction with the disclaimer – particularly when considering that Harms signed an acknowledgment form stating that he "understood and agreed" that the handbook was not an employment contract or a guarantee of any particular length or

**MEMORANDUM DECISION AND ORDER - 8**

term of employment, that he was an "employee at-will," and that the list of rules contained in the handbook were "illustrative and not all inclusive."  *See id.*

As a result, in granting Power County's motion for summary judgment, Judge Lodge held that it was not just (1) the policy manual's contractual disclaimer, but also (2) the policy manual's discretionary language, and (3) the receipt and acknowledgment form "under which [Harms] unequivocally renounced a right to anything other than at-will employment," that together precluded Harms from claiming a property interest in continued employment.  *See id.* at *12-13.[4]

        2.    <u>*Brown v. Valley County*</u>

In *Brown*, the plaintiff county employee, Steven Brown, filed a complaint against the defendant Valley County, asserting claims under 42 U.S.C. § 1983 for deprivation of due process arising out of Brown's constitutional property interest in his employment with Valley County. While Brown conceded he did not have a contractual right to continued employment, he argued that he nonetheless held a legitimate claim of entitlement to continued employment based upon the entirety of Valley County's policy manual provisions[5] which rebutted any presumption that his employment status was at-will.  *See Brown*, 2013 WL 1453368 at *5. In turn, Valley County moved for summary judgment (Brown also moved for partial summary judgment on the same

---

    [4]  Harms filed a notice of appeal on April 1, 2013.  According to the Ninth Circuit's "Time Schedule Order," briefing relative to the appeal was to be completed by August 2013.  As of the date of this Memorandum Decision and Order, the plaintiff's appeal remains pending.

    [5]  Brown pointed to that section of the policy manual limiting discharge "except for cause related to performance of [your] job duties or other violations of the policy."  *See Brown*, 2013 WL 1453368 at *5.

**MEMORANDUM DECISION AND ORDER - 9**

issue), arguing that the disclaimer in the same policy manual preserved Brown's at-will status

under Idaho law, leaving Brown without a constitutionally-protected property interest in

continued employment.  *See id*.  The first page of Valley County's policy manual contained a

general disclaimer stating:

> **THIS PERSONNEL POLICY IS NOT A CONTRACT.  NO CONTRACT OF EMPLOYMENT WITH VALLEY COUNTY WILL BE VALID UNLESS IT IS SIGNED IN ACCORDANCE WITH PROPER PROCEDURES BY A SPECIFICALLY AUTHORIZED REPRESENTATIVE OF THE GOVERNING BOARD AND UNLESS IT IS SIGNED BY AND CONTAINS THE NAME OF THE EMPLOYEE WHO WOULD BE BENEFITTED BY THE CONTRACT.**
>
> **CHANGES TO THE POLICIES AND BENEFIT OFFERINGS OUTLINED IN THIS HANDBOOK ARE SUBJECT TO CHANGE AT ANY TIME, WITHOUT NOTICE.  CHANGES MAY BE MADE AT THE SOLE DISCRETION OF THE GOVERNING BOARD.**

*See id* at *1-2 (capitalization and bolding in original).

Chief U.S. Magistrate Judge Candy Dale disagreed, distinguishing the facts surrounding

Brown's due process claim from *Lawson* and *Harms*.  For example, in *Brown*, Valley County's

policy manual mentioned that an employee is at-will during the 90-day introductory period, but

silent as to whether an employee retains the at-will moniker after those 90 days – instead,

employees are told that Valley County's policy requires "cause related to performance of their

job duties or other violations of this policy" (*see supra*)[6] before an adverse employment action

---

[6] Judge Dale further noted that the portion of the policy manual requiring cause begins with the phrase: "Except as otherwise provided in this paragraph."  *Brown*, 2013 WL 1453368 at *6.  This meant that the paragraph "stands alone" without reference to any other portion of the policy manual and, thus, "excludes any cross-reference to the disclaimer language or any other provision of the policy manual."  *See id*.

**MEMORANDUM DECISION AND ORDER - 10**

may be taken against an employee.  *See id*. at *6.  Judge Dale also pointed out that, unlike

*Lawson* and *Harms*, there was never an emphatic at-will acknowledgment from Brown.  *See id*.

at *7.[7] (addressing *Harms's* three-part combination of reasons for finding Harms was employed

at-will (*see supra*), stating: "Here, the stool is missing a leg.  Other than during the 90-day

introductory period, the policy manual did not unequivocally state that Brown was an at-will

employee.").

Judge Dale therefore concluded that Valley County's policy manual disclaimer, without

more, could not preserve the at-will status of Brown's employment as a matter of law.  *See id*. at

*9 ("Neither the contract disclaimer nor the discretionary nature of the policy manual's

disciplinary rules are sufficient to negate the effect of the stand-alone provision requiring cause

related to performance of job duties or other violations of the policy for termination.").  That is,

absent any express affirmation of an at-will employment relationship, a "reasonable inference"

existed that, "after the 90-day introductory period, employment was no longer 'at-will' given the

mandatory nature of the 'for cause' paragraph excluding reference to any other part of the Policy

Manual."  *See id*. at *7.  Because this inference limited the reasons for which Brown could be

discharged, Judge Dale granted Brown's motion for partial summary judgment (while denying

Valley County's motion for summary judgment) and found that he was not an at-will employee,

but had a protected property interest in his continued employment.  *See id*. at *10.

---

[7]  Brown did sign an acknowledgment and receipt form, however it simply reiterated that the policy manual was "not a contract and cannot create a contract," and that Brown was obligated to perform his job duties in conformance with the provisions of the policy manual.  *See Brown*, 2013 WL 1453368 at *7

**MEMORANDUM DECISION AND ORDER - 11**

3.      Adopting the Reasoning of *Harms* and *Brown*, Sommer Does Not Have a Constitutionally-Protected Property Interest in Continued Employment with Elmore County

Judge Lodge's and Judge Dale's examination and application of *Lawson* in both *Harms* and *Brown* reveals the following summary breakdown of the relevant considerations involved here:

|  | *HARMS* | *BROWN* |
|---|---|---|
| Disclaimer | ✔ | ✔ |
| Discretionary Language | ✔ | ✔ |
| At-Will Acknowledgment | ✔ | |
| **HOLDING:** | NO PROPERTY INTEREST | PROPERTY INTEREST |

In this case, like *Harms* and *Brown*, the Policy's first substantive page clearly disclaims any intent to have its provisions become part of Sommer's (and every other county employee's) employment contract with Elmore County.  *Compare* Policy, p. 2 (Docket No. 1, Att. 5) ("**THIS PERSONNEL POLICY IS NOT A CONTRACT.  NO CONTRACT OF EMPLOYMENT WITH ELMORE COUNTY WILL BE VALID UNLESS . . . .**") (capitalization and bolding in original),[8] *with Harms*, 2013 WL 791452 at *1 (*supra*), *and Brown*, 2013 WL 1453368 at *1-2 (*supra*).  Second, also like *Harms* and *Brown*, that same page of the Policy continues to inform Elmore County employees that its terms are  discretionary and can be changed at any time. *Compare* Policy, p. 2 (Docket No. 1, Att. 5) ("The terms set forth in this booklet reflect public policy at the time of its printing, but they are subject to change at any time . . . and at the

---

[8]   There is no evidence that the Policy's provisions expressly made their way into an employment contract between Sommer and Elmore County via the identified protocol outlined in this same paragraph – namely (1) that it be signed in accordance with proper procedures, (2) by a specifically authorized representative, and (3) that it be signed by and contains the name of the employee who would be benefitted by the contract (in this case, Sommer herself).  *See supra*.

**MEMORANDUM DECISION AND ORDER - 12**

discretion of the Elmore County Board of Commissioners."), *with Harms*, 2013 WL 791452 at

*11-12, *and Brown*, 2013 WL 1453368 at *7.  Finally, as in *Harms* (but not in *Brown*), Sommer

expressly acknowledged on September 15, 2010 (less than one month before her termination)

that she was, in fact, an at-will employee with Elmore County.  *Compare* Ex. 1 to Defs.' Ans.

(Docket No. 13) (acknowledging that she was "still on probationary status until April 13, 2011,

with [her] employment with Elmore County and, therefore [she] remain[ed] an at-will

employee."), *with Harms*, 2013 WL 791452 at *12-13 ("By signing the [Acknowledgment]

Form, Plaintiff expressly agreed that he was an employee at-will . . . ."), *and Brown*, 2013 WL

1453368 at *7 ("Another important *difference* between this case and both *Lawson* and *Harms* is

the lack of an emphatic at-will acknowledgment.") (emphasis added).[9]  Indeed, for

understandable reasons given the details of the factual record, throughout this proceeding,

Sommer's counsel has acknowledged that Sommer was an at-will employee.[10]

---

[9]  Although, in *Brown*, the plaintiff signed an acknowledgment and receipt form it simply stated that the policy manual was "not a contract and cannot create a contract," and that the plaintiff was obligated to perform his job duties in conformance with the provisions of the policy manual.  *See supra*; *see also Brown*, 2013 WL 1453368 at *7 ("There was no acknowledgment like the one Harms signed, which unequivocally stated Harms was employed 'at-will.'"); *Harms*, 2013 WL 791452 at *12-13 ("'If a disclaimer printed in the employee handbook will be effective to negate an implication that the employment is terminable only for causes stated in the handbook, it follows that such implication may also be avoided by requiring execution of an express covenant that the employment is at will.'") (quoting *Jones v. Micron Tech., Inc.*, 923 P.2d 486, 491 (Idaho 1996)).

[10]  Sommer's written acknowledgment of her at-will status, signed shortly  before her termination, combined with her counsel's affirmation of same, make it unnecessary to decide whether a reasonable person could conclude that Sommer and Elmore County intended a limitation on her discharge.  Such an inquiry exists to rebut the *presumption* of at-will employment.  *See Brown*, 2013 WL 1453368 at *8 (citing *Bollinger v. Fall River Rural Elec. Co-op., Inc.*, 272 P.3d 1263, 1269 (Idaho 2012)).  But here, there is not just a presumption – it is *understood* that Sommer was an at-will employee of Elmore and County.  This will not disturb the at-will relationship.  *See Harms*, 2013 WL 791452 at *12-13 ("At the time the policy manual was distributed, Plaintiff also executed an express agreement that his employment was at will. Plaintiff could not simultaneously infer a property interest in continued employment based on contrary provisions in the policy manual.").

**MEMORANDUM DECISION AND ORDER - 13**

Under *Harms* and *Brown* (and, even *Lawson*), these three factual details – (1) the Policy's disclaimer language, (2) the discretionary nature of the Policy, and (3) Sommer's acknowledgment that she was an at-will employee – leave no room to rebut any presumption of Sommer's at-will employment with Elmore County.  To the contrary, they combine to cement in place the absence of any property interest in her continued employment with Elmore County. *See, e.g.*, *Titus v. Horrell*, 488 Fed. Appx. 233, 234 (9th Cir. 2012) ("Since Titus had no entitlement to his continued employment, he had no protected property interest, and his due process rights were not violated.") (citing *Lawson*, 139 F.3d at 691–92).  Her status was exactly as described in the acknowledgement she signed, *i.e.*, that she *remained* an *at-will* employee during her probationary status.[11]  Therefore, on this record, Sommer's claim for wrongful termination in violation of her due process rights must be dismissed.

## III.  ORDER

Based upon the foregoing, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's Motion for Summary Judgment (Docket No. 31) is DENIED; and

2.  Defendants' Cross-Motion for Summary Judgment (Docket No. 33) is GRANTED.



DATED:  **September 18, 2013**

Honorable Ronald E. Bush
U. S. Magistrate Judge

---

[11]  This Memorandum Decision and Order does not address whether a probationary employee, like Sommer, who was in that status by virtue of changing positions after having previously been a regular employee, is entitled to a termination hearing if such a termination occurs *after* the probationary period had been completed.  That is not the issue before the Court on these cross-motions or otherwise presented by the facts in this record.

**MEMORANDUM DECISION AND ORDER - 14**